KENNETH L. VALINOTI, ESQ. (118442)
VALINOTI & DITO LLP
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231
E-mail: kvalinoti@valinoti-dito.com

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO KYU CHUN, on behalf of himself and all others similarly situated, | Case No. C 07 5216 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| KOREAN AIRLINES CO. LTD. and ASIANA AIRLINES, INC. | **JURY TRIAL DEMANDED** |
| Defendants. | |

1
**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff Jo Kyu Chun ("Chun") on behalf of himself and all others similarly situated in the United States brings this action for treble damages and injunctive relief under the federal antitrust laws of the United States against Defendants Korean Air Lines Co., Ltd. and Asiana Airlines, Inc. ("Defendants"), demanding trial by jury, and complaining and alleging as follows:

## NATURE OF THE CASE

1. This lawsuit is brought as a class action on behalf of individuals and entities that purchased airline tickets for travel between the United States and Korea from Defendants, their predecessors, or their controlled subsidiaries and affiliates during the period beginning no later than January 1, 2000 and continuing until at least July 31, 2006 (the "Class Period").

2. Defendants are the two largest Korean airlines and the only Korean airlines offering international passenger flights to and from the United States. Plaintiff alleges that during the Class Period, Defendants conspired to fix, raise, maintain or stabilize prices for wholesale and passenger fares charged for air travel between the United States and Korea.

3. Plaintiff alleges that Defendants' cartel and conspiracy is in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, which prohibits restraints of trade. Plaintiff seeks treble damages and injunctive relief on behalf of himself and all other similarly situated direct purchasers of wholesale and passenger fares during the Class Period.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action based on Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26) which confer to the United States district courts jurisdiction over actions seeking damages and costs, including reasonable attorneys' fees, for violations of the Sherman Act. Section 16 of the Clayton Act, 15 U.S.C. § 26, is the basis for this Court's jurisdiction over Plaintiff's claim for injunctive relief. This Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1337.

5. This Court has personal jurisdiction over Defendants because they systematically and continually conduct business in the United States, including marketing, advertising, and sales directed to residents here.

6. Venue is laid in this District pursuant to 15 U.S.C. §§15 and 22, and 28 U.S.C. § 1391(b) and (c). Venue is proper in this judicial district because during the Class Period one or more of the Defendants resided, transacted business, was found, or had agents in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and a substantial portion of the affected interstate trade and commerce described below has been carried out in this district.

## DEFINITIONS

7. As used herein, the term "Air Passenger Services" includes wholesale and passenger fares charged for air travel flights between the United States and Korea.

8. As used herein, the term "passenger fare" refers to the base fare and the fuel surcharge charged to passengers by Defendants and its co-conspirators.

9. As used herein, the term "wholesale fare" refers to "H" class passenger tickets sold to travel agents in the United States who paid a discounted published fare, or "wholesale fare," for those tickets.

10. The "Class Period" or "relevant period" means the period from at least January 1, 2000 and continuing through at least July 31, 2006.

11. "Person" means any individual, partnership, corporation, association, or other business or legal entity.

## PLAINTIFF

12. Plaintiff Jo Kyu Chun ("Chun") is a California resident. During the relevant period, Chun purchased a passenger airfare from Defendant Korean Airlines Co. Ltd. and has been injured by reason of the antitrust violations alleged in this Complaint.

## DEFENDANTS

13. Defendant Korea Air Lines Co. Ltd. ("Korean Air") is a foreign airline organized under the laws of South Korea, with its principal place of business located at 1370 Gonghang Dong, Kangseo Ku, Seoul, South Korea. Korean Air's United States' headquarters is located at 6101 West Imperial Highway, Los Angeles, CA 90045. During the Class Period, Korean Air

1  provided Air Passenger Services to customers throughout the world, including between the
2  United States and Korea.

3      14.    Defendant Asiana Airlines, Inc. ("Asiana") is a foreign airline organized under
4  the laws of South Korea, headquartered as Kangseo P.O. Box 98 #47, Oseo-dong, Kangseo-Ku,
5  Seoul, Korea. Asiana's United States headquarters is located at 3530 Wilshire Boulevard, Suite
6  1700, Los Angeles, CA 90010. During the Class Period, Asiana provided Air Passenger
7  Services to customers throughout the world, including between the United States and Korea.

## UNNAMED CO-CONSPIRATORS

9      15.    On information and belief, various other air passenger carriers, trade associations,
10 persons and/or entities, not named as Defendants herein, have participated as co-conspirators
11 with Defendants and have performed acts and made statements in furtherance of the conspiracy
12 and/or in furtherance of the anticompetitive, unfair or deceptive conduct alleged herein. The
13 allegations in this Complaint apply equally to these unnamed co-conspirators.

14     16.    Whenever in this Complaint reference is made to any act, deed or transaction of
15 any corporation, the allegation means that the corporation engaged in the act, deed or transaction
16 by or through its officers, directors, agents, employees or representatives while they were
17 actively engaged in the management, direction, control or transaction of the corporation's
18 business or affairs.

19     17.    Each of the Defendants named herein acted as the agent or joint venturer of or for
20 the other Defendants with respect to the acts, violations and common course of conduct alleged
21 herein. Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants.
22 Defendants, and each of them, are individually sued as participants and as aiders and abettors in
23 the improper acts and transactions that are the subject of this action.

## INTERSTATE TRADE AND COMMERCE

25     18.    During the Class Period, Defendants were major companies in the Air Passenger
26 Services industry.

27     19.    Throughout the Class Period, the Air Passenger Services purchased from
28 Defendants by Plaintiff and the other Class members created a continuous and uninterrupted

flow of transactions between air passenger carriers and airline customers for air travel within, to, and from the United States, including this District. Defendants' unlawful conduct took place within the flow of interstate commerce and affected airline customers located throughout the United States, including this District, as well as throughout the world. Defendants' unlawful conduct had a direct, substantial, and reasonably foreseeable effect in restraint of trade on both interstate and international commerce.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and as a class action under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following class:

> All persons and/or entities that purchased Air Passenger Services from Defendants, their co-conspirators, or any present or former parent, subsidiary or affiliate of Defendants, at any time during the period from at least January 1, 2000, to at least July 31, 2006, the exact dates being unknown to Plaintiff. Excluded from the Class are Defendants, their co-conspirators, all present or former parents, predecessors, subsidiaries or affiliates of Defendants, and all governmental entities.

21. This action has been brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

  a. The Class is ascertainable and there is a well-defined community of interest among members of the Class;

  b. Based upon the nature of trade and commerce involved and the number of direct purchasers of Air Passenger Services from Defendants, Plaintiff believes that the members of the Class number in the thousands, and therefore are sufficiently numerous that joinder of all Class members is not practicable;

  c. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff directly purchased Air Passenger Services from Defendants, and therefore Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class and the relief sought is common to the Class;

    d.  The following common questions of law or fact, among others, exist as to the members of the Class:

      i.  Whether Defendants formed and operated a combination or conspiracy to fix, raise, maintain, and/or stabilize the price of Air Passenger Services in the United States and throughout the world during the Class Period;

      ii.  Whether the combination or conspiracy caused the prices of Air Passenger Services to be higher than they would have been in the absence of Defendants' conduct;

      iii.  The operative time period of Defendants' combination or conspiracy;

      iv.  Whether Defendants' conduct caused injury to the business or property of Plaintiff and the members of the Class;

      v.  The appropriate measure of the amount of damages suffered by the Class;

      vi.  Whether Defendants' conduct violates Section 1 of the Sherman Act;

      vii.  Whether Defendants took steps to actively conceal the conspiracy; and

      viii.  The appropriate nature of class-wide equitable relief.

    e.  These and other questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages;

    f.  After determination of the predominant common issues identified above, if necessary or appropriate, the Class can be divided into logical and manageable subclasses;

    g.  Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent him and the Class;

       h.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all damaged Class members is impractical. The damages suffered by the individual Class members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the availability of class action procedures it would not be feasible for Class members to redress the wrongs done to them. Even if the Class members could afford individual litigation, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and the court system. Therefore, the class action device presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision in a single court; and

       i.     Defendants and their co-conspirators have acted, and/or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## BACKGROUND

22. Throughout the period covered by this Complaint, Defendants engaged in the business of marketing and selling Air Passenger Services throughout world, including the United States.

23. Defendants are two of the largest providers of Air Passenger Services in the United States and the world.

24. Air Passenger Services are a commodity product that can be provided by any one air passenger carrier, and can be readily substitutable for any other air passenger carrier.

25. The Air Passenger Services market in the United States and worldwide is highly concentrated, and substantial barriers to entry exist. Both factors facilitate the implementation and maintenance of a horizontal price-fixing cartel such as this conspiracy perpetrated by Defendants and its co-conspirators.

26. Throughout the period covered by this Complaint, the exact dates being unknown to Plaintiff, Defendants conspired or combined for the purpose and effect of instituting, raising,

fixing, maintaining or stabilizing the price of Air Passenger Services between the United States and Korea.

27. On August 1, 2007, the United States Department of Justice ("DOJ") issued a press release stating, among other things, that Defendant Korean Air had agreed to plead guilty and pay $300 million for its role in a conspiracy to fix the price of passenger flights to and from the United States and Korea. Under the plea agreement, Korean Air has agreed to cooperate with the DOJ's ongoing investigation into the industry.

28. Korean Air and Asiana are both members of the Association of Asia Pacific Airlines ("AAPA"), a trade association that has been in existence for over 40 years. This common association facilitated the exchange of pricing information between Korean Air and Asiana.

29. Defendants have engaged in a contract, combination, trust or conspiracy, the effect of which was to raise the prices for Air Passenger Services to artificially inflated levels.

30. During the Class Period, Plaintiff and the class members purchased Air Passenger Services from the Defendants.

31. Plaintiff and the class member paid more for Air Passenger Services than they would have paid had Defendants not colluded to fix the prices for Air Passenger Services at supracompetitive levels.

32. As a direct and proximate result of Defendants' conspiracy, Plaintiff and the class members have been injured and financially damaged in their respective businesses and property in presently undetermined amounts.

## VIOLATIONS ALLEGED

**(Violation of Section 1 of the Sherman Act)**

33. Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

34. Beginning at a time unknown to Plaintiff, but from at least January 1, 2000, and continuing through at least July 31, 2006, the exact dates being unknown to Plaintiff, Defendants entered into a continuing agreement, understanding, and conspiracy in restraint of trade to

artificially raise, fix, maintain and/or stabilize the price of Air Passenger Services paid by Plaintiff and the other Class Members, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

35. In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants did those things that they combined and conspired to do, including, but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

    a. Participated in meetings, phone conferences and other communications to exchange information used by Defendants to formulate and implement the Air Passenger Services price increases;

    b. Agreed to the prices that would be charged for Air Passenger Services;

    c. Issued price announcements and price quotations in accordance with the agreements reached; and

    d. Engaged in meetings, conversations and communications for the purposed of monitoring and adhering to the agreed-upon prices.

36. The combination and conspiracy alleged herein has had the following effects, among others:

    a. Price competition in Air Passenger Services has been restrained, suppressed and/or eliminated;

    b. Prices assessed by Defendants for Air Passenger Services have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels; and

    c. Those who purchased Air Passenger Services from Defendants have been deprived the benefits of free and open competition.

37. During the Class Period, Plaintiff and members of the Class purchased Air Passenger Services from Defendants.

38. As a direct and proximate result of Defendants' illegal contract, combination and conspiracy, Plaintiff has been injured and will continue to be injured in his business and property

by paying more for Air Passenger Services provided by Defendants than they would have paid in the absence of the combination and conspiracy.

39. Plaintiff and the members of the Class request three times their actual damages that resulted from Defendants' illegal conspiracy to fix the prices for Air Passenger Services. The total amount of damages is presently undetermined.

40. Plaintiff and the Class are entitled to an injunction against Defendants, preventing and restraining the violations alleged herein.

## FRAUDULENT CONCEALMENT

41. Throughout the relevant period, Defendants affirmatively and fraudulently concealed their unlawful conduct against Plaintiff and the Class.

42. Plaintiff and the members of the Class did not discover, and could not have discovered through the exercise of reasonable diligence, that Defendants were violating the antitrust laws as alleged herein until August 1, 2007, when the DOJ issued a press release stating that Korean Air Lines Co., Ltd. had agreed to plead guilty and pay a $300 million fine for its role in a conspiracy to fix fares charged to passengers and certain travel agents for flights to and from the United States and Korea from January 2000 until July 2006.

43. Plaintiff and the members of the Class could not have discovered the violations earlier than that time because Defendants conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their activities through various other means and methods designed to avoid detection. The conspiracy was by its nature self-concealing. In addition, during the Class Period, Defendants falsely attributed price increases to the rising cost of jet fuel. Defendants also falsely informed their customers that they were unable to lower prices of Air Passenger Services due to the increased cost of jet fuel.

44. Plaintiff had no reason to disbelieve these statements which on their face appeared to be reasonable explanations for the increasing prices for Air Passenger Services. Furthermore, most of the explanations provided by Defendants involved non-public and/or proprietary information completely in the Defendants' control such that Plaintiff and members

of the Class could not verify their accuracy. Defendants' purported reasons for the price increases of Air Passenger Services were materially false and misleading and were made for the purpose of concealing Defendants' anti-competitive scheme as alleged herein. In truth, at all relevant times, the prices of Air Passenger Services were artificially inflated and maintained as a direct result of the Defendants' anti-competitive scheme, the operation of which was a substantial (but undisclosed) factor in the pricing of Air Passenger Services during the Class Period.

45.     As a result of Defendants' fraudulent concealment of the conspiracy, Plaintiff and the Class assert the tolling of any applicable statute of limitations affecting the rights of action of Plaintiff and the members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.     That the Court determine that this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B.     That the Court adjudge and decree that the unlawful conduct, contract, combination and conspiracy alleged herein constitutes a *per se* unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

C.     That judgment be entered against Defendants and in favor of Plaintiff and the Class he represents for treble damages as allowed by the Sherman Act, as determined to have been sustained by them, together with costs of suit, including reasonable attorneys' fees;

D.     That Defendants, their co-conspirators, successors, transferees, assigns, parents, subsidiaries, affiliates, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on behalf of Defendants, or in concert with them, be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining or renewing the combinations, conspiracy, agreement, understanding or concert of action, or adopting or following any practice, plan, program or design having a similar purpose or effect in restraining competition;

1  E. That the Court award Plaintiff and the Class he represents attorneys' fees and
2  costs, and pre-judgment and post-judgment interest as permitted by law; and
3  F. That the Court award Plaintiff and the Class he represents such other and further
4  relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

Dated: October 11, 2007    By: _____
Kenneth L. Valinoti (118442)
VALINOTI & DITO LLP
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231
E-mail: kvalinoti@valinoti-dito.com

Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

Attorneys for Plaintiff Chun
And All Others Similarly Situated